IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1173-E |
| | § | |
| CARRRINGTON MORTGAGE SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Carrington Mortgage Services, LLC ("CMS") has filed a motion for summary judgment, *see* Dkt. No. 7, which United States District Judge Ada Brown has referred to the undersigned United States Magistrate Judge for findings, conclusions and recommendation, *see* Dkt. No. 15. Plaintiff Catherine Mitchell has filed a response, *see* Dkt. No. 11, and CMS has filed a reply, *see* Dkt. No. 13.

The undersigned magistrate judge now issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion.

**Background**

On May 25, 2007, Plaintiff purchased a home in Heartland, Texas (the "Property"). She signed a promissory note (the "Note") to finance the purchase and secured the Note through a Deed of Trust pledging her interest in the Property as security (the "Deed of Trust") (collectively, the "Loan"). *See* Dkt. No. 1-1 at 3-8 (Plaintiff's Original Petition); Dkt. No. 9-3 (Note); Dkt. No. 9-2 (Deed of Trust). The

-1-

Deed of Trust was recorded in the real property records of Kaufman County, Texas. *See* Dkt. No. 9-2 at 2.

On March 13, 2012, the Deed of Trust was assigned to Bank of America, N.A. ("BOA"). *See* Dkt. No. 9-4. The Assignment of Deed of Trust was recorded in the real property records of Kaufman County, Texas. *See id.* BOA is the current beneficiary of the Loan and CMS services the Loan for BOA. *See* Dkt. No. 9-1 at ¶ 7.

On January 10, 2019, Plaintiff, who was in default, submitted an application for mortgage assistance to CMS. *See* Dkt. No. 9-5. On February 13, 2019, CMS sent Plaintiff a letter stating that her application for mortgage assistance was incomplete. *See* Dkt. No. 9-6. CMS informed Plaintiff that it required a signed copy of her filed tax returns, pay stubs dated January 25 and December 13, updated pay stubs from an unknown employer, and updated signed and dated profit and loss statements from three businesses by February 28, 2019. *See id.* On March 19, 2019, CMS sent Plaintiff a letter stating that her application for mortgage assistance was cancelled because she did not provide the requested documents by February 28, 2019. *See* Dkt. No. 9-7.

On March 25, 2019, CMS's foreclosure counsel sent Plaintiff a Notice of Acceleration and a copy of the Notice of Substitute Trustee's Sale scheduling foreclosure of the Property for May 7, 2019. *See* Dkt. No. 9-8. The Notice of Substitute Foreclosure also was filed in the real property records of Kaufman County, Texas. *See* Dkt. No. 9-9.

On April 8, 2019, Plaintiff submitted another application for mortgage assistance to CMS. *See* Dkt. No. 9-10. On April 12, 2019, CMS sent Plaintiff a letter stating that

the application was rejected because it was not submitted timely since it was submitted within 37 days of the foreclosure sale scheduled for May 7, 2019. *See* Dkt. No. 9-11.

On May 6, 2019, Plaintiff sued CMS in the Kaufman County Court at Law. *See* Dkt. No. 1-1 at 3-8. Plaintiff asserted claims for negligence and estoppel based on allegations that CMS denied her applications for mortgage assistance and had not "provided any substantive information regarding the denial of Plaintiff's prior attempts to receive mortgage assistance." She also alleged that CMS engaged in "dual tracking" by working with her on loss mitigation options while at the same time taking actions to foreclose. *See id.* CMS removed the case to this Court on May 15, 2019. *See* Dkt. No. 1.

CMS now moves for summary judgment, arguing that there are no genuine issues of material fact and, therefore, it is entitled to judgment as a matter of law. *See* Dkt. Nos. 7, 8. More specifically, CMS argues that Plaintiff's negligence claim is barred by the economic loss doctrine, that estoppel is not a stand-alone claim under Texas law, and that the undisputed facts show that Plaintiff's allegations are untrue.

Plaintiff does not provide any controverting evidence. Instead, in her response, she states that CMS's counsel has advised her that it would consider an application for mortgage assistance from her. She also states that her file is presently under review by Kathryn B. Standridge, a Housing Program Specialist with HUD's National Servicing Center. She expects Ms. Standridge's review to be completed soon, after which she will submit another application for mortgage assistance to CMS. Thus, "[b]ased on the foregoing, Plaintiff does not object to the Court making a dispositive ruling in this case."

Dkt. No. 11.

In its reply, CMS asserts that "Plaintiff has effectively conceded that the summary judgment is warranted." Dkt. No. 13. It also argues that Plaintiff's statements about CMS's consideration of a third application for mortgage assistance are not relevant to the summary judgment motion. *See id.*

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan*

*World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the

non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

While the Local Rules in this district do not require the parties to submit statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiffs do not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-cv-92-J, 2004 WL 2847463, at *1 n.2 (N.D. Tex. Dec. 10, 2004).

## Analysis

I.  The Court should grant summary judgment on the negligence claim.

   A.  Plaintiff's negligence claim is barred by the economic loss doctrine.

Plaintiff alleges that CMS has been negligent in servicing the Loan. She contends that the Consumer Finance Protection Bureau ("CFPB") Guidelines compel CMS to provide information and guidance regarding loss mitigation options, such as loan modification, and determine whether she is eligible for a government-sponsored loan modification or an internal or private loan modification offered by CMS. She further contends that CMS's conduct violates CFPB Guidelines prohibiting "dual tracking," in which "a mortgage servicer is working with a customer on loss mitigation options on the one hand, while taking action towards foreclosure on the other hand." Dkt. No. 1-1 at 5.

CMS argues that Plaintiff's negligence claim is barred by the economic loss doctrine. *See* Dkt. No. 8 at 12-14.

The undersigned agrees with CMS's position. The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3)

damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006)

(citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95.

Plaintiff does not request specific relief in connection with her negligence claim. *See* Dkt. No. 1-1 at 5. But she does seek injunctive relief to restrain CMS from foreclosing on the Property because "[t]his imminent harm will cause Plaintiff irreparable injury in that Plaintiff will lose the Property, which is her only residence and homestead." *Id.* at 6. Because the potential loss of ownership and possession of the Property appears to be the sole injury relating to this claim, and because the Property was the "subject" of the contracts at issue – the Note and Deed of Trust – her negligence claim is essentially nothing more than a "repackaged" breach of contract claim. This claim is therefore barred by the economic loss doctrine and is subject to dismissal. *See Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175O-BH, 2014 WL 803722, at *9 (N.D. Tex. Feb. 28, 2014) (citing *Choe v. Bank of Am., N.A.*, No. 3:13-cv-120-D, 2013 WL 3196571, at *7 (N.D. Tex. June 25, 2013) (dismissing negligence claim where the plaintiffs did "not allege injury apart from the economic loss of being denied modification and having their residence foreclosed on").

   B. <u>The undisputed evidence shows that CMS did not violate any duty.</u>

Liberally construed, in her Original Petition, Plaintiff alleges that CMS owed her a duty to provide substantive information regarding reasons for denying Plaintiff's applications for mortgage assistance. Plaintiff does not identify specific provisions in the Note or Deed of Trust – the only contracts in this case – imposing such duties on CMS.

Instead, she claims that the duty is imposed by the CFPB guidelines, but she fails to identify the specific guidelines imposing that duty.

Even if such a duty existed, the undisputed summary judgment evidence shows that CMS provided Plaintiff with substantive information concerning denial of both applications. CMS informed Plaintiff that the first application was incomplete, detailed the specific information it needed before it could consider the application, and gave Plaintiff an opportunity to provide the information by a specific date. It later informed Plaintiff that it cancelled the application because she failed to provide the requested information. CMS also informed Plaintiff that it rejected the second application because it was submitted within 37 days of the scheduled foreclosure sale. *See* 12 C.F.R. § 1024.41(g).

II. <u>The Court should grant summary judgment on the estoppel claim.</u>

Plaintiff alleges that CMS is estopped from foreclosing on the Property because it engaged in "dual tracking." *See* Dkt. No. 1-1 at 6. She alleges that, because CMS discussed potential loss mitigation options with her, it is "estopped from simultaneously taking a contrary position in its efforts to foreclose." *Id.*

Equitable estoppel is not a cause of action in Texas – it is only a defensive assertion. *See Guerra v. Wells Fargo Bank*, No. SA-15-cv-763-XR, 2014 WL 9451083, at *7 (W.D. Tex. Dec. 21, 2015) (citing *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004)). Thus, Plaintiff's estoppel claim fails as a matter of law.

And, to the extent Plaintiff's petition can be construed to assert a claim for promissory estoppel, it is barred by the statute of frauds.

Promissory estoppel is available as a cause of action to a promisee who has reasonably relied to her detriment on an otherwise unenforceable promise. *See Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex. App. – Eastland 1994, pet. denied). To establish a claim for promissory estoppel, a promisee must demonstrate the existence of: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

Under Texas law, promissory estoppel is only invoked where the promisee can show that the promisor promised to sign a written agreement in compliance with the statute of frauds, and that such agreement was already in writing at the time of the oral promise to sign. *See Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982).

Plaintiff does not allege that CMS promised the Loan would be modified. To the contrary, the summary judgment evidence shows that CMS evaluated Plaintiff for mortgage assistance, denied her first application because it was incomplete, and denied her second application because it was untimely. Thus, there is no evidence that CMS made any promise upon which Plaintiff relied to her detriment.

Plaintiff also fails to come forward with any summary judgment evidence showing that CMS promised to sign a written document complying with the statute of frauds.

Moreover, Plaintiff cannot prevail on a quasi-contract theory like promissory estoppel because the issue of whether CMS can foreclosure is governed by an existing

contract – the Loan. *See First Union Nat'l Bank v. Richmond Capital Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App. – Dallas 2005, no pet.) ("Generally, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory because parties should be bound by their express agreements."); *Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 634, 636 (Tex. App. – Houston [14th Dist.] 2004, pet. abated) ("promissory estoppel becomes available to a claimant only in the absence of a valid and enforceable contract").

III. <u>There is no evidence that CMS engaged in "dual tracking."</u>

Plaintiff does not assert any claims under the Real Estate Settlement Procedure Act ("RESPA"), but, in the two claims that she does assert, she alleges that CMS engaged in "dual-tracking as defined by the CFPB." Dkt. No. 1-1 at 5, 6. "Dual tracking is a term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016). To establish a plaintiff was considered for loss mitigation options, a plaintiff must plead that the servicer received a complete loss mitigation application more than 37 days before a foreclosure sale. *See id.*; *see also* 12 C.F.R. § 1024.41(g).

Plaintiff does not offer any summary judgment evidence to support her conclusory allegations that CMS engaged in dual tracking. And, as explained above, the timing of the denial of her loss mitigation applications and CMS's actions related to foreclosure conclusively establish that CMS did not take action to foreclose on the property until

after it denied Plaintiff's incomplete application and that CMS did not consider Plaintiff's untimely application, which was submitted after CMS scheduled the property for foreclosure but within 37 days of the scheduled foreclosure sale.

## Recommendation

The Court should grant Defendant Carrington Mortgage Services, LLC's Motion for Summary Judgment [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE